UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMILY B., <br><br>　　　　　　　　Plaintiff, <br><br>　　v. <br><br>ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br>　　　　　　　　Defendant. | Case No. 3:23-cv-05634 <br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

　　Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income (Title XIV "SSI") and disability insurance benefits (Title II "DIB"). The parties have consented to the jurisdiction of the Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 7, Complaint.

　　Plaintiff filed their applications for Title II and Title XVI benefits on April 7, 2020. AR 17. The claims were denied on February 27, 2021, and (on reconsideration) October 14, 2021. *Id.* The amended date of alleged onset was October 15, 2018; the date last insured was December 31, 2018. AR 52-53.

　　Plaintiff appealed and ALJ Lawrence Lee held a hearing on July 7, 2022. AR 49-82. Applying the five-step review process, the ALJ found that plaintiff had the following severe impairments: "morbid obesity, trochanter bursitis of right hip, and bilateral osteoarthritis, major depressive disorder, post-traumatic stress disorder, and anxiety. . .

." AR 20. The plaintiff's RFC, as determined by the ALJ, was: "light work . . . except she could only stand or walk for four hours of an eight-hour workday. She could frequently reach overhead bilaterally. She could occasionally stoop and kneel but never crouch or crawl. She could occasionally work with moving mechanical parts but never at unprotected heights. She could occasionally tolerate exposure to humidity, wetness, and extreme cold or heat. She could perform simple, routine, and repetitive tasks but not at a production rate pace. She could frequently interact with the public, coworkers, and supervisors." AR 22-23.

The ALJ determined that plaintiff was not able to perform her past work as a Fast-Food Worker. AR 29. At step five, the ALJ determined the plaintiff would be able to perform representative occupations such as collator, parking lot attendant, survey worker, and small products assembler. AR 30. The ALJ found plaintiff did not meet the criteria for disability. AR 30.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the

evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

### 1. Medical evidence.

Plaintiff argues the ALJ erred in rejecting or discounting the opinions of medical professionals: Certified Physician's Assistant (PA-C) Omar Gonzalez (2/7/2021 opinion – AR 460-469); Desmond Tuason, M.D. (2/22/2021 opinion – AR 113-115); Kimberly Wheeler, Ph.D.(2/27/2020 opinion – AR 450-453); Melanie Mitchell, Psy.D.(AR 680); Justin Stamschror, M.D. (12/14/2020 opinion –AR 454-458); and Matthew Willms, M.A.(6/24/2022 opinion – AR 713-715).

Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ is not required to take every opinion of medical professionals at "face value". *Ford v. Kijakazi,* 32 F.4th 785, 789 (9th Cir. 2022).

In *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. The ALJ "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence". *Id.* Under the 2017 regulations,

> The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

In general, the ALJ does not have any obligation to discuss any other factors, besides supportability and consistency. *Cross v. O'Malley,* 89 F.4th 1211, 1214 (9th Cir. 2024) (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416), 20 C.F.R. § 416.920c(b)(2)). In situations where two or more contradictory medical opinions are "equally well-supported. . . and consistent with the record" then the ALJ would be required to discuss how they considered other factors – such as the medical provider's relationship as a treating provider or the medical provider's specialization – that are listed in the regulations. *Cross v. O'Malley,* 89 F.4th at 1214; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017), 20 C.F.R. § 416.920c(b)(3), (c)(3)-(5).

"Supportability" concerns the way a particular medical source supports their opinion with relevant evidence. *Woods,* at 791-792. "Consistency" concerns the way a medical opinion either is, or is not, consistent with evidence in the Administrative Record, from medical and non-medical sources. *Id.*

4

In this case, the ALJ found one portion of Dr. Tuason's opinion (2/22/2021 opinion – AR 113-115) unpersuasive – that plaintiff could stand or walk only two hours in an eight-hour workday. The ALJ stated this was unpersuasive "because it is inconsistent with the claimant's demonstrated functioning". AR 27. The ALJ did not identify a particular ability to function that plaintiff had demonstrated, or how that functioning was inconsistent with Dr. Tuason's opinion. *Id.*

It appears the ALJ meant to compare Dr. Tuason's findings with the plaintiff's activity level. Yet there is nothing in the record to suggest that plaintiff's daily activities during the relevant period (date of alleged onset was October 15, 2018) included standing or walking for two or more hours per day. *See Ghanim v. Colvin,* 763 F.3d 1154, 1162 (9th Cir. 2014) (record did not show an inconsistency between medical opinion and plaintiff's daily activities, therefore the ALJ's determination that the medical opinion should be discounted was unsupported by the record). Unlike the recent case decided by the Ninth Circuit Court of Appeals, *Stiffler v. O'Malley,* 102 F.4th 1102, 1107-1108 (9th Cir. 2024), where the ALJ properly rejected a physician's opinion about plaintiff's mental health and noted specific activities that plaintiff engaged in, documented in the medical treatment records -- showing the plaintiff's cognitive and social mental health capacity to perform certain functions in activities such as crafts, writing poetry, attending youth groups -- in this case, with respect to Dr. Tuason there was no such analysis. AR 27. The ALJ simply mentions in a general way, that Dr. Tuason's opinion regarding plaintiff's limitation to stand or walk for only two hours in an eight-hour workday "is not persuasive because it is inconsistent with the claimant's

demonstrated functioning." AR 27. Therefore, it was error for the ALJ to discount this finding by Dr. Tuason. *Ghanim v. Colvin,* 763 F.3d at 1162.

With respect to PA-C Gonzalez (2/7/2021 opinion – AR 460-469), the ALJ found the opinions were unpersuasive because treatment notes showed plaintiff would be able to perform light work and these notes supported the RFC. AR 27. The ALJ also stated that PA-C Gonzalez' opinions were inconsistent with and unsupported by plaintiff's "demonstrated functioning." Again, the ALJ does not identify what activities show work-related functions plaintiff could perform, that were inconsistent with or failed to support PA-C Gonzalez' opinions. With respect to treatment notes, the ALJ does not make any mention of notes concerning plaintiff's physical impairments -- other than a consultative examination (not treatment) in February 2021. AR 24. Without any mention of what treatment notes the ALJ was considering or explaining how the inconsistency and lack of supportability factors were being applied to PA-C Gonzalez' opinions with respect to the treatment notes, the Court cannot meaningfully review the ALJ's reasoning. The ALJ is required to "explain how [it] considered the supportability and consistency factors", to provide the basis for their reasoning. *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022).

The Defendant cites *Kaufman v. Kijakazi,* 32 F.4th 843, 851 (9th Cir. 2022) and argues that the plaintiff is incorrect that the ALJ did not point to any evidence or give any reasoning for finding the opinions were unpersuasive. Dkt. 15, at 7. The Defendant argues the ALJ's analysis regarding persuasiveness (or lack of persuasiveness) was referring to the ALJ's discussion of health care records in the first few pages of the

decision. Compare, AR 27-28 (analysis of persuasiveness) with AR 22 (discussion of medical record).

If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024). Here, the ALJ does not elucidate any particular evidence that was inconsistent or failed to support PA-C Gonzalez' opinions. Therefore, the Court is not substituting its judgment – the ALJ's judgment has not been made clear and a remand is necessary for the ALJ to follow the requirements of *Woods v. Kijakazi.*

The ALJ repeated the same error with respect to citing "plaintiff's demonstrated functioning" but not identifying what aspects of work-related functions plaintiff was capable of, or how those abilities to function were inconsistent with opinions of the other medical professionals, Kimberly Wheeler, Ph.D.(2/27/2020 opinion – AR 450-453); Melanie Mitchell, Psy.D.(AR 680); Justin Stamschror, M.D. (12/14/2020 opinion –AR 454-458); and Matthew Willms, M.A.(6/24/2022 opinion – AR 713-715). See AR 28.

Yet the ALJ states there are treatment notes that showed signs of improvement in plaintiff's psychological and psychiatric symptoms. AR 21, 26, 28. Plaintiff acknowledges there were documented times of improvement. Dkt. 12, Opening Brief, at 10-11.Therefore, the ALJ's decision finding that Dr. Wheeler's, Dr. Mitchell's, Dr. Stamschror's, and Counselor Willms' opinions were undermined by the documented improvement shown in these treatment notes is supported by the record. The Court will not substitute its judgment for the ALJ's and given that this reason is being upheld, any

7

error regarding the ALJ's other reasons would be harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

### 2. Plaintiff's statements regarding subjective symptoms

Plaintiff contends that the ALJ erred by failing to provide sufficient reasons for not incorporating fully plaintiff's subjective claims; however, the Court already has concluded that the ALJ committed harmful error and the medical evidence concerning physical symptoms and limitations should be reviewed anew, *see supra*, Sections I and II. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility as to physical symptoms and limitations should be assessed anew following remand of this matter.

Regarding psychological and psychiatric symptoms, plaintiff asserts that the ALJ overlooked the periods of decompensation; she describes waxing and waning of her symptoms and limitations. Dkt. 12 at 9-12.  The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

1  "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). And the ALJ is prohibited from "render[ing] a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." *Smartt v. Kijakazi,* 53 F.4th 489, 498 (9th Cir. 2022). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164.

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Smartt,* 83 F.4th at 499; *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The Court may determine the ALJ's reasoning by drawing reasonable inferences and determining an implied finding from the record. *Ferguson v. O'Malley,* 95 F. 4th 1194, 1200 (9th Cir. 2024).

In this case, the ALJ cited to plaintiff's activities such as taking care of her son, shopping, managing finances, riding public transit, and doing chores. AR 26. These activities are simple and require little concentration, persistence, or ability to follow instructions; they are not inconsistent with plaintiff's description of her mental health

9

symptoms. Plaintiff testified that she has social anxiety, panic attacks, cries a lot, constantly feels down. AR 67-68. There is nothing in the record to show that a person who has social anxiety, is tearful, and feels down all the time, would lack the ability to shop, manage finances, take care of a child, ride public transit, and do chores. None of those activities is inconsistent with the symptoms and limitations described by plaintiff.

Regarding the waxing and waning of symptoms, if the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024). The treatment record shows improvement in plaintiff's symptoms and limitations. See, AR 370 (in May 2019, plaintiff completed treatment objectives and mental health assessment shows no need for treatment); AR 377 (on 9-18-2019 plaintiff is discharged from chemical dependency treatment, no additional treatment recommended); AR 484 (during check-up on 3-9-2021, plaintiff states she is not down or anxious); AR 843-844 (plaintiff reported in the late spring and summer of 2020 that her mental health was doing really well, she felt she had made progress in the past six months); AR 862-880 (in 2021, periods of improvement, and regression).  Although there is also evidence of periods of regression, there is substantial evidence to support the ALJ's decision that overall mental health improvement occurred during this period. Therefore, the ALJ's decision regarding the assessment of plaintiff's statements about symptoms and limitations is not erroneous.

**3. Harmless error**

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). If the errors

10

of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *Id; see also, Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

As discussed above, the Court found the ALJ erred with respect to discounting the opinions of Certified Physician's Assistant (PA-C) Omar Gonzalez, and Desmond Tuason, M.D. If the ALJ had properly weighed these opinions, the hypothetical questions posed by the ALJ to the Vocational Expert may have been different. See AR 71-81, testimony of Vocational Expert. For example, if plaintiff was able to stand or walk only two hours in an eight-hour workday, as opined by Dr. Tuason (AR 113), or up to two and a half hours, as opined by PA-C Gonzalez (AR 468), this would, in turn, potentially have affected the ALJ's decision about the plaintiff's RFC. Light work requires up to six hours of standing in an eight-hour workday. 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

4. **Remand – Further Proceedings, or Award of Benefits**

When deciding whether to remand for an award of benefits, the Court must first determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014–20 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*,

775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Further, "[e]ven if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The first step is met here because the ALJ failed to provide a valid reason, supported by substantial evidence, to discount medical evidence about plaintiff's physical impairments and limitations. If the ALJ had properly weighed these opinions, the hypothetical questions posed by the ALJ to the Vocational Expert may have been different. See AR 71-81, testimony of Vocational Expert. However, the issue of how a proper evaluation of plaintiff's testimony might have impacted plaintiff's RFC are issues the ALJ must resolve. When such outstanding issues remain, the Court "cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings." *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015); *see also*, *Washington v. Kijakazi,* 72 F.4th 1029, 1041-1042 (9th Cir. 2023).

## CONCLUSION

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing.

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and

remanded for further administrative proceedings. On remand the Commissioner is directed to review the medical records and opinion evidence of plaintiff's physical impairments and limitations and allow plaintiff to present additional evidence in a de novo hearing. The Commissioner is also directed to review plaintiff's credibility as to physical symptoms and limitations. Medical evidence, and plaintiff's statements and testimony evidence -- regarding physical conditions and work-related limitations associated with plaintiff's physical symptoms and limitations -- should be assessed anew and the five-step process should be conducted again upon reassessment of the evidence, following remand of this matter.

Dated this 9th day of August, 2024.

Theresa L. Fricke
United States Magistrate Judge